## M. Heminway & Sons Silk Co. v. W. H. Porter.

1.   CONTRACTS—*Construction of a Given Instrument.*—The following instrument—

" M. HEMINWAY & SONS SILK COMPANY,
232-234 5th Avenue.
CHICAGO, ILL., August 8th, 1893.
Memorandum of agreement with W. H. Porter, from July 1, 1893. Salary eighty-five dollars ($85) per month to be drawn through the Chicago office.   Fifteen dollars ($15) per month to be paid him by check from New York office on January 1, 1894, and July 1, 1894, making a total salary for year twelve hundred dollars ($1,200).
M. HEMINWAY & SONS,
By J. A. McDonald"—

is held to constitute a contract of employment for one year at the stipulated price.

2.   SAME—*Wrongful Discharge Under, a Question of Fact.*—The question as to whether an employe under a contract of employment was wrongfully discharged, is one of fact for the determination of a jury.

3.   EVIDENCE—*Stenographer's Notes of the Evidence of Witnesses on Former Trials, When Absent.*—An offer to prove the testimony of an absent witness who testified on a former trial, by introducing as a witness the stenographer with his notes taken at the time, where no proper foundation is laid for their introduction, nor the name of the absent witness given, nor any attempt shown to produce him or to account for his absence, is properly refused.

4.   PRACTICE—*Going to Trial While a Demurrer to a Plea is Undisposed of, Harmless Error.*—Where a case goes to trial with a demurrer to a plea undisposed of, and no injury results to the parties from the omission to have the demurrer formally disposed of, it is harmless error.

Assumpsit, on a contract of employment.   Appeal from the Superior Court of Cook County; the Hon. FARLIN Q. BALL, Judge, presiding.

Heard in the Branch Appellate Court at the March term, 1900. Affirmed.
Opinion filed May 10, 1901.

WM. E. O'NEILL, attorney for appellant.

WILLIAMS & KRAFT, attorneys for appellee.

MR. PRESIDING JUSTICE SHEPARD delivered the opinion of
the court.

Appellee brought suit against appellant to recover a bal-
ance claimed to be due him upon a written contract with
appellant as follows:

"Established 1849.

M. HEMINWAY & SONS SILK CO.,
        232 & 234 Fifth avenue.

                                CHICAGO, ILL., Aug. 8, 1893.
    Memorandum of agreement with W. H. Porter from
July 1, 1893.

    Salary of $85 per month to be drawn through the Chi-
cago office; $15 per month to be paid him by check from
New York office on January 1, 1894, and July 1, 1894.

    Making total salary for year $1,200.
                            M. HEMINWAY & SONS,
                                By J. A. McDonald."

He obtained a verdict and judgment for $461.46, and
appellant brings the record here for review. This judgment
is the result of a second trial of the case—the first trial
having resulted also in a verdict for the appellee, though
for a somewhat less sum than he obtained at the last trial.

The two principal defenses relied upon by the appellant
were (a) that the writing above copied did not constitute a
contract whereby appellant undertook to take appellee into
its employment for the period of one year, or for any other
period, and (b) that appellee was discharged from employ-
ment on October 20, 1893, for reasonable and justifiable
cause. The trial court took the view of the written agree-
ment that it constituted a contract for one year at the stip-
ulated price, and substantially so held in refusing to give an
instruction asked by appellant on that subject. In so doing,
we think the court acted properly. A careful reading of
the paper seems not to leave any doubt as to what was in-

tended ˏby the parties, and this is so, entirely independent of the conversation that led up to the making of it, or of the previous terms of employment under which appellee had worked.

The next inquiry is as to whether the appellee was wrongfully discharged on October 20, 1893. That was purely an issue of fact. If the jury believed that appellee was guilty of the conduct ascribed to him by the appellant there could be no doubt of the rightfulness of the discharge, and on the other hand if they discredited the evidence against appellee and believed the testimony adduced in his behalf, their verdict in his favor was right. Two juries have found in appellee's favor, and we are not able to say, after a most painstaking examination of all the record, that the evidence does not support their conclusions.

It is urged that the trial court improperly rejected appellant's offer to prove the testimony of an absent witness, who testified on the first trial, by introducing as a witness the stenographer with his stenographic notes taken at that trial, of the testimonyˏ'of such absent witness.

We need not discuss the question as to when such evidence is admissible, for clearly no proper foundation was laid for its introduction. Neither the name of the absent witness was given, nor was any attempt shown to produce him or to account for his absence.

It is insisted that error was committed because a demurrer to the seventh of appellant's pleas remained undisposed of at the time of judgment. That plea raised the issue as to whether the writing containing the terms of employment was a contract for one year, or any definite period, and the demurrer raised a question of law thereon. The contract was brought into the record, both by the declaration and one or more of appellant's pleas. It surely did not constitute surprise to appellant when offered in evidence, and, as we have already said, it was substantially held by the court, in refusing an instruction asked by appellant, that it constituted a contract for one year. It is plain, therefore, that no harm was done to appellant by the omission to have the demurrer formally disposed of.

Some minor points are raised by the appellant, but we do not regard them as of sufficient importance to require more comment than to say they have been considered and are thought not to be sound.

We discover no material error in the giving or refusing of instructions offered, and upon the whole record being considered, our conclusion is that the judgment should be affirmed, and it is so ordered.   Affirmed.